[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE COMPLAINT OF NEGLIGENT INFLICTIONCT Page 15664 OF EMOTIONAL DISTRESS
In her complaint in this case plaintiff Sheila Taylor alleges essentially that at all times material she was a competent SNET manager-employee. The plaintiff claims that she received a bonus from SNET in March of 1995 for achieving 128% of her performance goal. After being absent from work for 2 1/2 days in March of 1995 on the advice of her physician, she returned to work and informed a Vice President at SNET that she was receiving medical treatment. Sheila Taylor continued to work and her medical condition improved. Shortly thereafter, plaintiff Sheila Taylor alleges that she was assigned to report to a new recently hired supervisor for supervision.
According to the plaintiff's complaint the new supervisor was abusive and hypercritical of her, subjecting her to unjustified accusations and criticism. The complaint alleges, inter alia, that the plaintiff's health was threatened by this treatment, and that although she sought relief through a transfer to another position, management at SNET refused to permit the transfer. The complaint further alleges that as a result of severe job stress caused by the new supervisor's harassment and SNET's refusal to transfer her to another position, the plaintiff suffered a relapse of her medical condition and that she was disabled from work as of August 2, 1995. After her physician certified that she could return to work if not under her current worker's supervision, the plaintiff did return specifically to another position which had no contact with the allegedly abusive supervisor.
The plaintiff claims that by allowing her to be subjected to mistreatment and by not transferring her earlier, despite knowledge of her prior medical condition and despite knowledge of her supervisor's conduct, SNET is liable for the infliction of emotional distress which she suffered and which she continues to suffer.
Defendant Southern New England Telephone Company moves to strike plaintiff Sheila Taylor's complaint of negligent infliction of emotional distress because, according to the defendant Connecticut does not recognize such a cause of action in the employment context unless it allegedly occurs in the context of terminating an employee's employment — a situation not alleged in this case. CT Page 15665
In deciding a Motion to Strike the court must take the facts alleged in the complaint as true. See Parson's v. UnitedTechnologies Corp., 243 Conn. 66, 68 (1997). The facts as alleged in the complaint in this case, if assumed true for the purpose of the Motion to Strike, clearly portray conduct that was especially harmful to the plaintiff. Nevertheless, this court cannot ignore the Connecticut Supreme Court statement inParson's v. United Technologies Corp., supra, that "negligent infliction of emotional distress in the employment context arises only where it is `based upon unreasonable conduct of the defendant in the termination process,'" Id, at 88, citing Morris v. Hartford Courant Co.
Inasmuch as the alleged conduct did not occur in the termination process, the Motion to Strike is granted.
Clarance J. Jones, Judge
CT Page 1